

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*          *973/645-2700*
*Newark, NJ 07102*

ADL/PL AGR
2009R01422

May 31, 2013

John Whipple, Esq.
Arseneault, Whipple,
Fassett & Azzarello, LLP
560 Main Street
Chatham, NJ 07928-2119

      Re:  Plea Agreement with David Nicoll   13-385

Dear Mr. Whipple:

      This letter sets forth the plea agreement between your client, David Nicoll, and the United States Attorney for the District of New Jersey ("this Office").

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from David Nicoll to a two-count information, which charges conspiracy to bribe physicians, contrary to 42 U.S.C. § 1320a-7b(b)(2)(A), N.J.S.A. § 2C:21-10 and 18 U.S.C. § 1952(a)(3), in violation of 18 U.S.C. § 371, and money laundering, in violation of 18 U.S.C. § 1956. If David Nicoll enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against David Nicoll for the bribing of physicians for the referral of blood specimens to Biodiagnostic Laboratory Services, LLC between 2006 and 2013. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by David Nicoll may be commenced against him, notwithstanding the expiration of the limitations period after David Nicoll signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which David Nicoll agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The violation of 18 U.S.C. § 1956 to which David Nicoll agrees to plead guilty carries a statutory maximum prison sentence of twenty years and a statutory maximum fine equal to the greatest of: (1) $500,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon David Nicoll is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence David Nicoll ultimately will receive.

Further, in addition to imposing any other penalty on David Nicoll, the sentencing judge: (1) will order David Nicoll to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order David Nicoll to pay restitution pursuant to 18 U.S.C. § 3663 et seq., 18 U.S.C. § 3563(b)(2), or 18 U.S.C. § 3583(d); (3) may order David Nicoll, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture, pursuant to 18 U.S.C. § 982 and 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require David Nicoll to serve a term of supervised release of not more than three years on each count, which will begin at the expiration of any term of imprisonment imposed. Should David Nicoll be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, David Nicoll may be sentenced to not more than two years' imprisonment on each count in addition to any prison term previously imposed,

regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on David Nicoll by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of David Nicoll's activities and relevant conduct with respect to this case.

Stipulations

This Office and David Nicoll agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or David Nicoll from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and David Nicoll waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, David Nicoll admits the forfeiture allegations of the Information and agrees to forfeit to the United States: (i) pursuant to 18 U.S.C. §§ 982(a)(7) and 982(b) and 21 U.S.C. § 853, all property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the conspiracy to violate 42 U.S.C. § 1320a-7b(b)(2)(A), a Federal health care offense as defined in 18 U.S.C. § 24, and (ii) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the conspiracy to violate 18 U.S.C. § 1952(a)(3), an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7). Such property includes, but is not limited to, the following:

1. A sum of money equal to $49,936,000 as to Count One of the Information and $64,000 as to Count Two of the Information, for a total money judgment of $50,000,000 (the "Money Judgment"); and

2. All of the defendant David Nicoll's right, title and interest in the property listed in Schedule B to this agreement (the "Specific Property"), which David Nicoll admits has the requisite nexus to the conspiracy to commit bribery charged in Count One of the Information and/or the money laundering offense charged in Count Two of the Information, and therefore is forfeitable to the United States of America as property constituting or derived from proceeds traceable to the conspiracy offense charged in Count One of the Information, and/or as property involved in the money laundering offense charged in Count Two of the Information, and property traceable to such property.

David Nicoll hereby consents to the entry of Preliminary Orders of Forfeiture and Interlocutory Orders of Sale as to the Specific Property pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure as the United States Attorney's Office may

request.  Further, because all of the specific property subject to forfeiture as a result of the defendant's conviction of the offenses charged in Counts One and Two of the Information has not been identified as of the date of this agreement, and may not be identified prior to sentencing, the defendant agrees to consent to the entry of amended preliminary orders of forfeiture when additional specific property is identified, pursuant to Rule 32.2(b)(2)(C) of the Federal Rules of Criminal Procedure.  Any forfeited money and the net proceeds derived from the sale of any forfeited Specific Property will be applied to the Money Judgment until the Money Judgment is satisfied in full.

David Nicoll further consents to the administrative and/or civil forfeiture of the Specific Property pursuant to 18 U.S.C. § 981(a).  David Nicoll agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so.  To the extent David Nicoll has filed a claim or petition in any administrative forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn.  David Nicoll further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.  It is further understood that any forfeiture of David Nicoll's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.  David Nicoll hereby waives any and all claims that the forfeiture constitutes an excessive fine and agrees that the forfeiture does not violate the Eighth Amendment.

Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, David Nicoll consents to the entry of a Consent Judgment of Forfeiture that will be final as to the Money Judgment prior to David Nicoll's sentencing.  Payments on the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service and delivered to the United States Attorney's Office, 970 Broad Street, 7th Floor, Newark, New Jersey, 07102, Attention:  Asset Forfeiture and Money Laundering Unit.

David Nicoll waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in

the judgment. David Nicoll understands that the imposition of the Money Judgment and the forfeiture of the Specific Property, as well as any additional specific property that may be identified subsequent to the date of this agreement, is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

David Nicoll represents that he has disclosed all of his assets to the United States on the Financial Disclosure Statement dated ON OR ABOUT 5/34/13 David Nicoll agrees that if this Office determines that David Nicoll has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, David Nicoll consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that David Nicoll owns or in which David Nicoll has an interest be discovered, David Nicoll knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. David Nicoll further agrees to execute any documents necessary to effectuate the forfeiture of said assets. In addition, David Nicoll agrees to submit to a recorded deposition under oath regarding the sources of funds paid to him, directly or indirectly, and their disposition, if requested by this Office.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack

challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against David Nicoll. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against David Nicoll.

No Other Promises

This agreement constitutes the plea agreement between David Nicoll and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: ANDREW D. LEVEN
Assistant U.S. Attorney

APPROVED:

JACOB T. ELBERG, Deputy Chief
Health Care and Government Fraud Unit

   I have received this letter from my attorney, John Whipple, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 6/3/2013
David Nicoll

   I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 6/3/2013
John Whipple, Esq.

<u>Plea Agreement With David Nicoll</u>

<u>Schedule A</u>

1. This Office and David Nicoll recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and David Nicoll nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence David Nicoll within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and David Nicoll further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2012, applies in this case.

<u>Count 1</u>
<u>Conspiracy - 18 U.S.C. § 371</u>

3. The applicable guideline is U.S.S.G. § 2B4.1. The Base Offense Level is 8. U.S.S.G. § 2B4.1(a).

4. The value of the improper benefit to be conferred was more than $100,000,000 but was not more than $200,000,000. This results in an increase of 26 levels. U.S.S.G. §§ 2B4.1(b)(1)(B), 2B1.1(b)(1)(N).

5. David Nicoll was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. Pursuant to U.S.S.G. § 3B1.1(a). This results in an increase of 4 levels.

<u>Count 2</u>
<u>Money Laundering - 18 U.S.C. § 1956 and § 2</u>

6. The applicable guideline is U.S.S.G. § 2S1.1, which requires the application of U.S.S.G. § 2B4.1, the applicable guideline for the underlying offense from which the laundered funds were derived (Conspiracy). U.S.S.G. § 2S1.1(a)(1).

7. The Base Offense Level under U.S.S.G. § 2S1.1 is therefore 34, as described in paragraphs 3 and 4, above. U.S.S.G. §§ 2B4.1(a), 2B4.1(b)(1)(B), and 2B1.1(b)(1)(N).

8. The offense resulted in the conviction of David Nicoll under 18 U.S.C. § 1956. This results in an increase of 2 levels, pursuant to U.S.S.G. § 2S1.1(b)(2)(B).

9. David Nicoll was an organizer, leader, manager, or supervisor of the relevant criminal activity, pursuant to U.S.S.G. § 3B1.1(c). This results in an increase of 2 levels.

### Multiple Counts Analysis

10. Counts 1 and 2 of the Information involve substantially the same harm and group as closely related counts pursuant to U.S.S.G. § 3D1.2(c).

11. Pursuant to U.S.S.G. § 3D1.4(a), the adjusted offense level is 40.

### Miscellaneous

12. As of the date of this letter, David Nicoll has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if David Nicoll's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

13. As of the date of this letter, David Nicoll has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in David Nicoll's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) David Nicoll enters a plea pursuant to this agreement, (b) this Office in its discretion determines that David Nicoll's acceptance of responsibility has continued through the date of sentencing and David Nicoll therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) David Nicoll's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

14. In accordance with the above, the parties agree that the total Guidelines offense level applicable to David Nicoll is 37 (the "agreed total Guidelines offense level").

15. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

16. David Nicoll knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 37. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 37. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

17. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

<u>Plea Agreement With David Nicoll</u>

<u>Schedule B</u>

1. The real property and appurtenances known as 312 Boulevard, Mountain Lakes, New Jersey, 07046, together with its appurtenances, improvements and fixtures (indoor and outdoor).

2. The real property and appurtenances known as 49 Forest Way, Morris Plains, New Jersey, 07950, together with its appurtenances, improvements and fixtures (indoor and outdoor).

3. The real property and appurtenances known as Condominium Unit 4H, 635 West 42 Street, New York, New York, 10036, together with its appurtenances, improvements, fixtures and accompanying rights and privileges (including, but not limited to, parking spaces), and any deposits, securities or escrowed funds held in connection with such property.

4. All valuable, insured or readily salable personal property located at 312 Boulevard, Mountain Lakes, New Jersey, 07046.

5. All valuable, insured or readily salable personal property located at 49 Forest Way, Morris Plains, New Jersey, 07950.

6. Any and all jewelry, precious metals and stones, watches, collectibles, and memorabilia.

7. Any and all motor vehicles, vessels, and water craft, together with their fixtures, electronics, equipment, parts and accessories.

8. Any and all gym equipment owned or paid for by David Nicoll.

9. Any and all season tickets and Personal Seat Licenses, including but not limited to New York Jets, Pittsburgh Steelers, and New Jersey Devils.

10. All cash and monetary instruments.

11. All funds and other property on deposit in any and all financial institution accounts held in the name(s) or for the benefit of David Nicoll, and that portion of any and all financial institution accounts that were funded by David Nicoll, and any accounts to which said funds have been

    transferred, and all funds traceable thereto, including, but not limited to, 401(k), IRA and retirement accounts, including but not limited to all accounts at Valley National Bank, PNC Bank, PNC Investments, Wells Fargo, Provident Bank, Vanguard, and TD Bank.

12. The contents of any and all safe deposit boxes held in the name or for the benefit of David Nicoll.

13. The unearned portion of any retainer held by Arseneault, Whipple, Fassett & Azzarello, LLP on account for David Nicoll as of the date of the defendant's sentencing.

14. $250,000 Formerly on Deposit in Account No. 41901517 at Valley National Bank Held in the name of David Nicoll and Emily Back, Presently on Deposit in the Robert Rothenberg Attorney Trust Account, Robert S. Rothenberg, Esq., Rothenberg & Associates, LLC, 103 Carnegie Center, Suite 119, Princeton, New Jersey 08540, and all property traceable to such property.

15. The unearned portion of any and all funds in which David Nicoll has an interest that are being held on deposit in an attorney trust account.

16. Any and all ownership interest held in the name, on behalf or for the benefit of David Nicoll in the assets of any and all corporations, partnerships or other entities, and/or their subsidiaries, affiliates and joint ventures, including but not limited to Bio Diagnostic Labs LLC; SDA Holdings; N & S Consulting; Studnick Associates, LLC; Nicoll Associates; and 420 West Clinton Street, LLC.

17. Any and all securities, notes, debts, investments and other financial instruments or investment vehicles held in the name, on behalf or for the benefit of David Nicoll.

18. The portion of any and all trust, UTMA, and 529 accounts that was funded by David Nicoll.

19. Any and all interests in property held by, on behalf of, or legally or beneficially owned by David Nicoll.

20. Any and all loans, promissory notes, receivables, security or financing arrangement, gift, donation or other contribution whether or not in writing, whether or not considered to be a loan, financing arrangement, gift, donation or other contribution, by or from, directly or

- 13 -

indirectly, David Nicoll, with interest accruing from the date of transfer at the applicable Federal rate, unless the transferee is a bona fide purchaser for value of the right, title, or interest in the funds or other property and was at the time of the transfer reasonably without cause to believe that the property was subject to forfeiture.

21. Any and all tax refunds paid to David Nicoll attributable to assets and liabilities incurred through his date of termination from BLS.

22. Any and all income, including but not limited to investment income or dividends, paid to David Nicoll.

23. Any and all insurance policies held by or for the benefit of David Nicoll, including but not limited to any policies held by Preferred Mutual and Massachusetts Mutual.