2009R01422/JTE/JNM/BAW

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>　　v.<br><br>DAVID NICOLL,<br><br>　　　　Defendant. | Criminal No. 13-385-SRC<br><br>CONSENT JUDGMENT AND<br>ORDER OF FORFEITURE<br>(MONEY JUDGMENT) |

**WHEREAS**, on or about June 10, 2013, defendant David Nicoll pleaded guilty pursuant to a plea agreement with the United States to Information 13-Cr-386-SRC (the "Information") charging him, in two counts, with conspiracy to bribe physicians, contrary to 42 U.S.C. § 1320a-7b(b)(2)(A), N.J.S.A. § 2C:21-10 and 18 U.S.C. § 1952(a)(3), in violation of 18 U.S.C. § 371 (Count One); and money laundering, in violation of 18 U.S.C. § 1956 (Count Two);

**WHEREAS**, pursuant to 18 U.S.C. § 982(a)(7), a person convicted of a Federal health care offense as defined in 18 U.S.C. § 24, including a violation of 42 U.S.C. § 1320a-7b(b)(2)(A) or a conspiracy to violate 42 U.S.C. § 1320a-7b(b)(2)(A), as alleged in Count One of the Information, shall forfeit to the United States all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense;

**WHEREAS**, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of an offense constituting specified

unlawful activity, as defined in 18 U.S.C. § 1956(c)(7), including a violation of 18 U.S.C. § 1952(a)(3), or a conspiracy to commit such an offense, as further alleged in Count One of the Information, shall forfeit to the United States all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of such offense;

**WHEREAS**, pursuant to 18 U.S.C. § 982(a)(1), a person convicted of an offense in violation of 18 U.S.C. § 1956, as alleged in Count Two of the Information, shall forfeit to the United States all property, real and personal, involved in the money laundering offense and all property traceable to such property;

**WHEREAS**, the property subject to forfeiture by defendant David Nicoll includes a sum of money equal to $49,936,000 as to Count One of the Information and $64,000 as to Count Two of the Information, for a total money judgment of $50,000,000 (the "Money Judgment"), representing the proceeds of the conspiracy offense charged in Count One and the property involved in the money laundering offense charged in Count Two;

**WHEREAS**, if by any act or omission of the defendant, any property subject to forfeiture:

    (A)    cannot be located upon the exercise of due diligence;

    (B)    has been transferred or sold to, or deposited with, a third party;

    (C)    has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c);

**WHEREAS**, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

**WHEREAS**, Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture, including a preliminary order of forfeiture consisting of a money judgment, may become final at any time before sentencing if the defendant consents;

**WHEREAS**, defendant David Nicoll:

(1) Consents to the forfeiture to the United States of $50,000,000 as a sum of money representing the proceeds of the conspiracy offense charged in Count One and the property involved in the money laundering offense charged in Count Two of the Information, offenses to which defendant David Nicoll has pleaded guilty (the "Money Judgment");

(2) Consents to the imposition of a money judgment in the amount of $50,000,000 pursuant to 18 U.S.C. §§ 981(a)(1)(A),

-3-

982(a)(1) and 982(a)(7), and 28 U.S.C. § 2461, and agrees that this Order is final at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

(3) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment;

(4) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(5) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(6) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(7) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Consent Judgment;

**WHEREAS**, good and sufficient cause has been shown,

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT**, as a result of the offenses charged in the Information, to which the defendant David Nicoll has pleaded guilty, the defendant shall forfeit to the United States the sum of $50,000,000. A money judgment in the amount of $50,000,000 (the "Money Judgment") is, therefore, hereby entered against the defendant pursuant to 18 U.S.C. §§ 981(a)(1)(A), 982(a)(1) and 982(a)(7), 28 U.S.C. § 2461, and Federal Rule of Criminal Procedure 32.2(b).

**IT IS FURTHER ORDERED** that, the defendant having given his consent pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, upon entry of this Consent Judgment and Order of Forfeiture, this Order is final as to the defendant David Nicoll, shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

**IT IS FURTHER ORDERED** that all payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970

Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number.

**IT IS FURTHER ORDERED** that upon execution of this Consent Judgment and Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

**IT IS FURTHER ORDERED** that pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

(continued on next page)

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

**ORDERED** this _____ day of _____, 2013.

_____
Honorable Stanley R. Chesler
United States District Judge

The undersigned hereby consent to the entry and form of this order:

PAUL J. FISHMAN
United States Attorney

Digitally signed by BARBARA WARD
DN: c=US, o=U.S. Government, ou=Dept of Justice, ou=EOUSA,
cn=BARBARA WARD, 0.9.2342.19200300.100.1.1=15001001230690
Date: 2013.08.09 12:41:29 -04'00'

By: JACOB T. ELBERG
    JOSEPH N. MINISH
    BARBARA A. WARD
Assistant United States Attorneys

Dated: August 9, 2013

_____
JOHN WHIPPLE, ESQ.
Attorney for Defendant David Nicoll

Dated: 8/2/13

_____
Defendant David Nicoll

Dated: 8/2/13