2009R01422/JTE/JNM/BAW/ms

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Stanley R. Chesler, U.S.D.J. |
| v. | : | Crim. No. 13-385 |
| DAVID NICOLL, | : | Filed Electronically |
| Defendant. | : | |
| _____ | : | |
| MELISA SINGH, | : | |
| Interested Party. | : | |
| _____ | : | |

---

### MEMORANDUM OF LAW IN SUPPORT OF THE GOVERNMENT'S MOTION TO DISMISS THE AMENDED THIRD-PARTY PETITION OF MELISA SINGH

---

PAUL J. FISHMAN
United States Attorney
970 Broad Street
Newark, New Jersey 07102
(973) 645-2700

On the Brief:

BARBARA A. WARD
Assistant U.S. Attorney

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................ 1

BACKGROUND ........................................................................................ 2

A.    The Arrest and Criminal Complaint ..................................................... 2
B.    The Information and Plea Proceedings.................................................. 3
C.    The Money Judgment and Preliminary Order of Forfeiture .................. 4
D.    The Petition ..................................................................................... 6

ARGUMENT

MELISA SINGH'S AMENDED PETITION SHOULD BE DISMISSED
BECAUSE IT FAILS TO STATE A CLAIM THAT WOULD ENTITLE
HER TO RELIEF ......................................................................................7

A.    Applicable Law ..............................................................................8

      1.    The Ancillary Proceedings and Third Party Claims
            To Forfeited Property ..............................................................8

      2.    Technical Requirements of 21 U.S.C. § 853(n) ...........................9

      3.    Substantive Requirements of 21 U.S.C. § 853(n) ......................10

      4.    Legal Standard for a Motion to Dismiss ...................................12

B.    Singh's Petition Should Be Dismissed .............................................. 14

      1.    The Subject Property Was Properly Forfeited
            To the United States ............................................................... 14

      2.    The Petitioner Fails to State a Claim Under Section 853(n)(6)(A)
            Because Singh's Asserted Interest Arose After the Defendant's
            Crimes Were Committed .........................................................16

      3.    The Petition Fails to State a Claim Under
            Section 853(n)(6)(B) Because the Petitioner Was Not
            A Bona Fide Purchaser for Value ..............................................17

CONCLUSION ........................................................................................ 22

## PRELIMINARY STATEMENT

In her third party petition, Melisa Singh ("Petitioner" or "Singh") seeks to have certain real property subject to forfeiture in the criminal case against David Nicoll — a condominium apartment in New York City — dismissed from the forfeiture proceedings in this case.  She alleges that the property belongs to her, not the defendant, because she acquired sole title to the property when she purchased it from the developer in or around January 2008.  According to Singh, David Nicoll's only connection to the property is that he gave her the money to buy it.  She therefore claims that she has a right, title and interest in the property that is superior to that of David Nicoll (which is non-existent, according to Singh) and therefore the Government.  She further alleges that she was a bona fide purchaser for value of the property and did not know or have reason to know of the defendant's illegal conduct.

Singh's own petition makes plain that she has no legal interest in the property that is cognizable under the applicable forfeiture laws.  *First*, as Singh acknowledges, David Nicoll gave her the money to buy the condo.  That money was proceeds of the long-running physician bribery scheme to which the defendant pleaded guilty.  Melisa Singh could not have acquired an ownership interest in the money because, under the relation back doctrine, title to the money vested in the United States at the time of the commission of the offense.  Put another way, no one can acquire valid title to crime proceeds.  When Singh used those proceeds to buy the property, the property became proceeds, and therefore forfeitable to the United States.

Neither can Singh prevail as a bona fide purchaser for value of the property, because she was not a bona fide purchaser.  A person who acquires forfeitable property from the defendant as a gift and uses it to make a purchase from a third party seller is not a bona fide purchaser for value.

Because the Petition fails to state a claim under the statute governing third party claims in criminal forfeiture proceedings, 21 U.S.C. § 853(n)(6), the Court should dismiss the Petition with prejudice pursuant to Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**BACKGROUND**

**A.     The Arrest and Criminal Complaint**

On April 9, 2013, defendant David Nicoll ("Nicoll" or "the defendant") was arrested and charged in a criminal complaint with conspiracy to bribe physicians, contrary to the federal Anti-Kickback Statute, 42, United States Code, Section 1320a-7b(b)(2)(A), and the New Jersey commercial bribery statute, N.J.S.A. §2C:21-10 and 18 U.S.C. § 1952(a)(3), in violation of 18 U.S.C. § 371.  (For the Court's convenience, a copy of the Criminal Complaint is attached as Exhibit 1 to the Declaration of Barbara A. Ward (the "Ward Declaration"), which accompanies this motion).

As alleged in the Criminal Complaint, Nicoll was an owner and the President of Biodiagnostic Laboratory Services, LLC ("BLS").  BLS was a clinical blood laboratory headquartered in Parsippany, New Jersey that, among other things, performed tests on the blood specimens of patients referred to BLS by doctors, and then billed private health insurance companies and the Medicare Program ("Medicare") for those tests and related services. *Id.*

The Criminal Complaint further alleged that from at least in or about January 2006 through in or about April 2013, Nicoll, his brother Scott Nicoll, and others conspired to run BLS as a massive physician bribery operation. Nicoll and his coconspirators induced numerous physicians to refer their patients' blood samples to BLS.  Over the course of the charged conspiracy,

-2-

BLS had revenue of more than $200 million from Medicare and private health insurance companies for the testing of blood specimens and related services. *Id.*

**B.      The Information and Plea Proceedings**

On or about June 10, 2013, defendant David Nicoll pleaded guilty, pursuant to a plea agreement with the United States, to Information No. 13-cr-385 (SRC) (the "Information"), which charged him, in two counts, with conspiracy to bribe physicians, contrary to 42 U.S.C. § 1320a-7b(b)(2)(A), N.J.S.A. § 2C:21-10 and 18 U.S.C. § 1952(a)(3), in violation of 18 U.S.C. § 371 (Count One); and money laundering, in violation of 18 U.S.C. § 1956 (Count Two).  (Copies of the Information and plea agreement are attached as Exhibits 2 and 3, respectively, to the Ward Declaration).

As part of his plea agreement, the defendant consented to the forfeiture of a sum of money equal to $49,936,000 as to Count One of the Information, pursuant to 18 U.S.C. §§ 981(a)(1)(A), 982(a)(7), and 28 U.S.C. § 2461, and $64,000 as to Count Two of the Information, pursuant to 18 U.S.C. § 982(a)(1), for a total money judgment of $50,000,000 (the "Money Judgment").  David Nicoll also agreed to forfeit all of his right, title, and interest in specific property listed in a schedule to the plea agreement (and more particularly described in Exhibit A to the First Preliminary Order of Forfeiture) (the "Specific Property"). The defendant admitted that the Specific Property had the requisite nexus to the conspiracy to commit bribery charged in Count One of the Information and/or the money laundering offense charged in Count Two of the Information, and therefore was forfeitable to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A), 982(a)(1), 982(a)(7), and 28 U.S.C. § 2461.  (*See* Exhibit

3 at 4).  The Specific Property included the property that is the subject of the

Petition — *i.e.*,

> The real property and appurtenances known as
> Condominium Unit 4H, 635 West 42 Street, New York,
> New York, 10036, together with its appurtenances,
> improvements, fixtures and accompanying rights and
> privileges (including, but not limited to, parking
> spaces), and any deposits, securities or escrowed
> funds held in connection with such property.

(*See* Exhibit 5(A)(3)) (hereinafter, the "Subject Property").

## C.     The Money Judgment and Preliminary Order of Forfeiture

On August 19, 2013, pursuant to Rule 32.2(b)(4), the Court entered a

Consent Judgment and Order of Forfeiture (Money Judgment) as to the money

judgment portion of the forfeiture, which became final as of the time of entry.

(A copy is attached as Exhibit 4 to the Ward Declaration).  On October 23,

2013, the Court entered a First Preliminary Order of Forfeiture as to Specific

Property (Final as to the Defendant) (the "First Preliminary Order of

Forfeiture"), providing for the forfeiture of the Specific Property.  (A copy of the

First Preliminary Order of Forfeiture is attached as Exhibit 5 to the Ward

Declaration).

The provisions of 21 U.S.C. § 853(n) and Rule 32.2(b) of the Federal

Rules of Criminal Procedure require publication and notice to third parties

known to have alleged an interest in forfeited property and the disposition of

any petitions filed under Section 853(n) before the United States may have

clear title to such property.

A Corrected First Notice of Forfeiture was filed with the Court on

March 27, 2014, which attached the First Preliminary Order and explained the

procedures for asserting a legal right, title or interest in the Specific Property

pursuant to 21 U.S.C. § 853(n) and Rule 32.2(b).  (*See* Court Docket, *United States v. David Nicoll*, Document ("Doc.") 47).[1]

Pursuant to 21 U.S.C. § 853(n)(1), a Notice of Forfeiture with respect to the Subject Property was posted on an official government internet site, www.forfeiture.gov, beginning on January 25, 2014, and running for thirty consecutive days through February 23, 2014, as permitted by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Proof of publication was filed with the Court on or about April 3, 2014.  (Doc. 48).

The published notice explained that any person asserting a legal interest in the Subject Property was required to file a petition with the Court within 60 days from the first day of publication of the notice on the government internet site, and that if no such petitions were filed, following the expiration of the period for the filing of such petitions, the United States would have clear title to the Property, in accordance with Supplemental Rule G(5)(a)(ii)(B).

On or about March 28, 2014, copies of the First Preliminary Order and the Corrected First Notice were sent to Melisa Singh by certified mail, return receipt requested.

On April 10, 2014, Singh filed a petition claiming an interest in the Subject Property.   (Doc. 49).  She filed an amended petition on June 26, 2014. (A copy of Amended Petition is attached as Exhibit 6 to the Ward Declaration).

The Government now moves to dismiss the Amended Petition (hereinafter, the "Petition") because it fails to allege facts which, if proven, would entitle Singh to relief under Title 21, United States Code, Section

---

[1]     Where a copy of a document filed in the above-captioned case is not necessary to the Court's consideration of this memorandum, the document will be referred to by the document number entered on the court docket, prefaced by "Doc."

853(n)(6), and therefore should be dismissed for failure to state a claim pursuant to Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## D.     The Petition

For a period of time, Singh had a personal relationship with the defendant.  The defendant gave Singh the money to buy the Subject Property. (Petition at 2).[2]

Petitioner acquired title to the Subject Property on or about January 31, 2008 (the date of the deed attached to the Petition as Exhibit A).  Title to the Subject Property has been exclusively in Petitioner's name since that time. (*Id.*).  Petitioner, as the sole purchaser/grantee, signed all relevant transaction documents.  (*Id.*).

From the date of her purchase of the property until the present time, Petitioner has continuously resided in the Subject Property, and has paid the maintenance, taxes, fees, improvements and upkeep, and has exercised exclusive dominion and control over the Subject Property.  (*Id.*).

David Nichol never held any ownership interest in the Subject Property, and never resided at, or exercised dominion and control over, the Subject Property.  (*Id.*).

---

[2]     The allegations in this section are taken from Singh's amended petition and the documents attached to it and are presumed to be true for purposes of this motion. *See* Fed. R. Crim. P. 32.2(c)(1)(A); *see also Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004) (motion to dismiss a third party petition in an ancillary forfeiture proceeding should be treated like a motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b)); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").   A copy of the Petition with its attachment is attached as Exhibit 6 to the Ward Declaration.

From the time Petitioner acquired title to the Subject Property up until the time of the defendant's arrest, Petitioner had no knowledge of Nicoll's illegal conduct, and had no reason to be aware of it.  (*Id.*).

## ARGUMENT

### MELISA SINGH'S AMENDED PETITION SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM THAT WOULD ENTITLE HER TO RELIEF.

Melisa Singh has no interest in the Subject Property that would entitle her to relief under applicable forfeiture law.  As Singh admits in the Petition, David Nicoll gave her the money to buy the Subject Property.  Since that money was proceeds of the long-running physician bribery scheme, Melisa Singh could not have acquired an ownership interest in those funds because title to the money had already vested in the United States at the time of the commission of the offense.  No one can acquire valid title to crime proceeds. When Singh used those proceeds to buy the Subject Property, the Property itself became proceeds, and therefore forfeitable to the United States

Neither can Singh prevail as a bona fide purchaser for value of the Subject Property.  A person who acquires forfeitable property from the defendant as a gift and uses it to make a purchase from a third party is not a bona fide purchaser for value.  The Petition therefore fails to state a claim under the applicable statute, 21 U.S.C. § 853(n)(6), and should be dismissed pursuant to Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## A.    Applicable Law

### 1.    The Ancillary Proceedings and Third-Party Claims To Forfeited Property

The criminal forfeiture proceedings in this case are governed by Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853. *See* 28 U.S.C. § 2461(c). Under Rule 32.2, once a criminal defendant is convicted of the offenses giving rise to the forfeiture, either by trial or plea, the district court must enter a preliminary order of forfeiture. The preliminary order divests the criminal defendant of any right in the property, and requires the Government to publish notice of its intent to forfeit the property and, where practicable, to send individual notice to third parties with a potential or asserted legal interest in the property. *See* 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b).

After the court enters a preliminary order of forfeiture, the ancillary proceedings procedure set forth in Section 853(n) provides the exclusive means by which a third party may claim an interest in property forfeited in a criminal case, and the only forum in which such a claim may be adjudicated. *See, e.g., DSI Assocs. LLC v. United States*, 496 F.3d 175, 183 (2d Cir. 2007) (following other circuits in holding that "third parties may not intervene during criminal forfeiture proceedings to assert their interest in the property being forfeited," and that section 853(n) "provides the exclusive means by which a third party may lay claim to forfeited assets after the order of forfeiture has been entered"); *United States v. Rashid*, 373 F. App'x 234, 238 (3d Cir. 2010) (citing *DSI Assocs.*, 496 F.3d at 183)); *see also DeAlmeida v. United States*, 459 F.3d 377, 381 (2d Cir. 2006).

### 2.      Technical Requirements of 21 U.S.C. § 853(n)

Section 853(n)(3) identifies certain requirements that a verified petition must satisfy to assert an interest in forfeited property:

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth *the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property,* any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3) (emphasis supplied).

The requirements under section 853(n)(3) that the petitioner specify the nature and extent of his or her alleged interest, and the time and circumstances of the acquisition of the alleged interest, are compulsory, and failure to satisfy the statutory requirements is grounds for dismissal without a hearing.  *See, e.g., United States v. King*, No. 10 Cr. 122 (JGK), 2010 WL 4739791, at *4 (S.D.N.Y. Nov. 12, 2010) (in context of interlocutory sale of horses that would be forfeitable to the Government, petitioner failed to come forward with evidence of nature and extent of legal ownership of or interest in the horses, as required under § 853(n)(3)); *United States v. Capoccia*, No. 1:03-CR-35-1, 2010 WL 1753391, at *3 (D. Vt. Apr. 29, 2010) (conclusory statement that "the money sought to be forfeited by the government belongs to me," and petitioner's failure to sign petition under penalty of perjury, were insufficient to establish statutory standing and provided additional basis for dismissing petition).

### 3.     Substantive Requirements of 21 U.S.C. § 853(n)

There are only two ways that a third party can show a valid interest in property subject to forfeiture:  The petitioner

> must either (a) have an interest in the property that is superior to the criminal defendant's because it arose prior to "the time of the commission of the acts [that] gave rise to the forfeiture," 21 U.S.C. § 853(n)(6)(A), or (b) be a "bona fide purchaser for value" of the property who was "reasonably without cause to believe that the property was subject to forfeiture" at the time of purchase, *id.* § 853(n)(6)(B).

*Serendensky*, 393 F.3d at 353; *see also United States v. Lavin*, 942 F.2d 177, 185 (3d Cir. 1991) (Congress did not intend § 853(n) to provide vehicle for relief to all third parties aggrieved by orders of forfeiture, but only to "two narrow classes of third parties"; all others must petition Attorney General for relief).[3]

Section 853(n)(6) provides that:

> If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—
>
> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section . . . .

---

[3]     See 21 U.S.C. § 853(i)(2) and 28 C.F.R. Chapter 9 (Attorney General's discretionary authority to remit forfeited property to victims of offense giving rise to forfeiture).

-10-

21 U.S.C. § 853(n)(6).

A third party comes under paragraph 6(A) if he had an interest in the property *at the time of the offense*, and he comes under 6(B) if he acquired his interest *after the offense*.  If the third party comes under 6(A), he only has to show an interest in the property superior to the defendant's interest — for example, a secured creditor — whereas if he comes under 6(B), he has to be a bona fide purchaser for value.   The burden is ultimately on the third-party petitioner to prove its interest under section 853(n) by a preponderance of the evidence.  *See Serendensky,* 393 F.3d at 351; 21 U.S.C. § 853(n)(6).

Identification of the time when petitioner acquired an interest in the property is crucial:  "A person may be the *present* owner of the property yet fail to establish a claim . . . because she did not have superior title *at the time the crime occurred,* and did not subsequently acquire it as a *bona fide* purchaser for value."  *United States v. BCCI Holdings (Luxembourg),* 69 F. Supp. 2d 36, 60 (D.D.C. 1999) (emphasis in original) (addressing requirements under identically-worded provisions in RICO statute, 18 U.S.C. § 1963(l)(6)(A) and (B))

If the petitioner cannot meet the requirement of either paragraph 6(A) or 6(B), he simply cannot demonstrate an interest in property subject to forfeiture.  *See, e.g., United States v. Hooper,* 229 F.3d 818, 822-23 (9th Cir. 2000) (given the clear direction in § 853(n)(6) limiting recovery to two categories of claimants, courts are not at liberty to create additional grounds for relief); *United States v. Kennedy,* 201 F.3d 1324, 1335 (11th Cir. 2000) (alternative grounds set forth in sections 853(n)(6)(A) & (B) are the only grounds for recovery in ancillary proceedings); *BCCI Holdings (Luxembourg) S.A.,* 69 F. Supp. 2d at 60 ("The only grounds on which a third party can prevail in the ancillary proceeding are those set forth in §§ 1963(1)(6)(A) & (B).  That is, the claimant must establish either that he had a superior right, title or interest in

the property at the time the crime occurred, or that he acquired the property as a bona fide purchaser for value without cause to know that the property was subject to forfeiture.  If the claimant fails to establish facts supporting his claim under one or the other of these theories, he is not entitled to any relief in the ancillary proceeding.").

### 4.   Legal Standard for a Motion to Dismiss

Federal Rule of Criminal Procedure 32.2(c)(1) authorizes the Government to move to dismiss a petition for lack of standing or for failure to state a claim before the parties are permitted to conduct discovery on the petition.  The Rule states, in relevant part that:

> (A)   In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true.
>
> (B)   After disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues . . . .

Fed. R. Crim. P. 32.2(c)(1)(A) and (B).

A motion to dismiss a third-party petition in a criminal forfeiture proceeding prior to discovery or a hearing is treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b).  *See, e.g., Serendensky*, 393 F.3d at 352; *United States v. Mendez*, No. 07-CR-107 (ARR), 2009 WL 1706354, at *2 (E.D.N.Y. June 17, 2009).

Under Rule 12(b)(6), a petition should be dismissed if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In determining whether a petition states a claim, the court must assumes its

allegations to be true.  Fed. R. Crim. P. 32.2(c)(1)(A).  A petitioner is therefore bound by the allegations in his complaint.  *See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (parenthetically quoting *Soo Line R.R. Co. v. St. Louis Southwestern Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997) for the proposition that a "'plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts,' and 'judicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told to a court by the most formal and considered means possible'").

As several courts have observed, "[w]here a party seeking relief pursuant to Section 853(n)(6) fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without a hearing."  *United States v. Salam, Inc.*, 191 F. Supp. 2d 725, 728 (E.D. La. 2001); *United States v. Campos*, 859 F.2d 1233, 1240 (6th Cir. 1988) (upholding district court, which granted government's motion to dismiss petitions for failure to state claim upon which relief could be granted); *Lavin*, 942 F.2d at 189 (where petitioner failed to establish a prima facie case that it was bona fide purchaser for value, court could dismiss petition without a hearing); *United States v. East Carroll Correctional Systems, Inc.*, 14 F. Supp. 2d 851, 853 (W.D. La. 1998); *United States v. BCCI Holdings*, 919 F. Supp. 31, 36 (D.D.C. 1996); *see also United States v. $364,960.00 in U.S. Currency*, 661 F.2d 319, 326 (5th Cir. 1981) (stating that claimant who challenges government's forfeiture of money or property "must first demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture").

**B.    Singh's Petition Should Be Dismissed**

   **1.    The Subject Property Was Properly Forfeited
          To the United States**

As an initial matter, Singh contends that the Subject Property is not forfeitable at all because the First Preliminary Order of Forfeiture is invalid as to the Subject Property.  She argues that the Government's forfeiture relies on David Nicoll's consent to forfeit the Subject Property, and a defendant cannot agree to forfeit property that does not belong to him or her, for purposes of decreasing or satisfying his *in personam* money judgment.  (Petition at 3).  This argument is frivolous, for a variety of reasons.

*First*, a third-party petitioner has no right to challenge forfeitability.  *See* 21 U.S.C. § 853(k) ("Except as provided in subsection (n), no party claiming an interest in property subject to forfeiture under this section may . . . intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section."); *see also DSI Assocs.*, 496 F.3d at 183 ("third parties may not intervene during criminal forfeiture proceedings to assert their interest in the property being forfeited," because section 853(n) "provides the *exclusive* means by which a third party may lay claim to forfeited assets after the order of forfeiture has been entered" (emphasis supplied)).  A third party's only recourse is to assert a claim under Section 853(n).  As is the case in any ancillary proceeding, this Court has already conclusively determined that the Funds *are* forfeitable.  (*See* First Preliminary Order of Forfeiture at 1-2 (defendant admitted that the Specific Property has "the requisite nexus to the conspiracy to commit bribery charged in Count One of the Information and/or the money laundering offense charged in Count Two of the Information, and therefore was forfeitable to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A), 982(a)(1), 982(a)(7), and 28 U.S.C. § 2461")); *id.* ¶ 1 (forfeiting to

-14-

the United States all of the defendant's right, title, and interest in the Specific Property based on good cause shown)).  Thus, Singh's challenge to forfeitability is not an argument that the Court need even entertain.

*Second*, the Subject Property obviously *is* the proceeds of crime.  The conspiracy to bribe physicians to which David Nicoll pleaded guilty spanned from at least in or about January 2006 through in or about April 2013 (Information ¶ 2; Plea Agreement at 1).  At least by the point at which the Subject Property was purchased, if not well before, the defendant's funds were the fruits of, and traceable to, the physician bribery scheme.  The Subject Property is therefore directly traceable to the tens of millions of dollars the defendant received from BLS,[4] and thus was acquired via an investment of crime proceeds.  Because the Subject Property was "derived from proceeds traceable to" the criminal conduct, *see* 18 U.S.C. § 981(a)(1)(C), it is irrelevant that Nicoll did not own the subject premises.  *See infra* Part B(2).

The Court should therefore reject Singh's assertion that the Subject Property should not have been included in the First Preliminary Order of Forfeiture.

---

[4]     *See* Plea Agreement at 4 (agreeing to $49,936,000 money judgment, representing proceeds of conspiracy charged in Count One of Information); Consent Judgment and Order of Forfeiture (Money Judgment) at 2-3 (imposing the same upon the defendant).

**2.   The Petitioner Fails to State a Claim Under Section 853(n)(6)(A) Because Singh's Asserted Interest Arose After the Defendant's Crimes Were Committed**

Singh's petition makes clear that she has no cognizable claim.  Indeed, although Singh contends (albeit in conclusory fashion) to have a valid claim under both subsections of 853(n)(6),[5] her Petition proves otherwise.

To prevail under Section 853(n)(6)(A), the petitioner must establish that her interest in the property is superior to the criminal defendant's because it arose prior to "the time of the commission of the acts [that] gave rise to the forfeiture."  21 U.S.C. § 853(n)(6)(A); *see also Serendensky*, 393 F.3d at 353. Here, the Petitioner's claim cannot be superior to the government's because the Petitioner cannot claim that her interest arose, under Section 853(n)(6)(A), "prior to the time of the commission of the act that gave rise to the forfeiture." *See, e.g., United States v. United States Currency*, 895 F.2d 908, 916 (2d Cir. 1990) (because "the forfeiture occurs when the crime is committed," a defendant has no interest in the forfeited property "as of that moment").

Petitioner purchased the Subject Property on or about January 31, 2008, using crime proceeds defendant gave to her as a gift.  Under 21 U.S.C. § 853(c), the property interest that would have belonged to petitioner "vest[ed] in the United States upon the commission of the act giving rise to forfeiture."  *See United States v. Hailey*, 924 F. Supp. 2d 648, 656 (D. Md. 2013) (defendant's wife could not assert claim to luxury items purchased with fraud proceeds and given to her as gifts because government's interest vested before she acquired any interest of her own).  Accordingly, the government's interest in the funds petitioner used to purchase the Subject Property predated her interest in those

---

[5]      Conclusory allegations in the Petition are entitled to no weight.  *See Cantor Fitzgerald v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002) (on motion to dismiss, court need not give "credence to plaintiff's conclusory allegations" or legal conclusions offered as pleadings (internal quotation marks omitted)).

funds, and, when she purchased the Subject Property, the government's pre-existing interest in the funds became an interest in the Subject Property.

Indeed, a third party can never assert an interest in the proceeds of crime under section 853(n)(6)(A).  *See Hooper*, 229 F.3d at 821-22 (to prevail under § 853(n)(6)(A), claimant must have preexisting interest in forfeited property; because proceeds do not exist before commission of underlying offenses, § 853(n)(6)(A) can never be used to challenge forfeiture of proceeds); *United States v. Eldick*, 223 Fed. App'x 837, 840 (11th Cir. 2007) (if forfeited property is traceable to proceeds of crime, government's interest under relation back doctrine will always be superior to that of third party asserting interest in property under § 853(n)(6)(A)); *United States v. Weidner*, No. 02-40140-01-JAR, 2004 WL 432251, at *5-8 (D. Kan. Mar. 4, 2004) (third party who purchased forfeitable property with criminal proceeds given to it by defendant could not assert preexisting interest in forfeitable property; forfeitable property was traceable to criminal proceeds, and third party could have no preexisting interest in those proceeds).

Because the Subject Property was purchased by Petitioner using a gift of crime proceeds from the defendant, Petitioner clearly cannot make out a claim under Section 853(n)(6)(A).

### 3.   The Petition Fails to State a Claim Under Section 853(n)(6)(B) Because the Petitioner Was Not a Bona Fide Purchaser for Value

Since the Petitioner cannot state a claim under Section 853(n)(6)(A), her only remaining avenue for relief is proving that she is a bona fide purchaser for value of the property and was "reasonably without cause to believe that the property was subject to forfeiture" at the time of purchase under Section

853(n)(6)(B).  If petitioner cannot make out a claim under paragraph 6(B), her petition must be dismissed.

As an initial matter, Petitioner simply asserts that she was a bona fide purchaser for value of the Subject Property under New York law (Petition at 3). She does not cite the New York law on which she relies, and she fails to allege facts that would explain the purchase transaction she presumably entered into with the defendant when he gave her enough money to buy a condominium in Manhattan.  Petitioner's conclusory assertion that she was a bona fide purchaser for value of the Subject Property under New York law is a legal conclusion that is entitled to no weight.  See Cantor Fitzgerald v. Lutnick, 313 F.3d 704, 709 (2d Cir. 2002) (on motion to dismiss, court need not give "credence to plaintiff's conclusory allegations" or legal conclusions offered as pleadings (internal quotation marks omitted)).[6]

The bona fide purchaser provision is an exception to the relation back doctrine that has its roots in state commercial law.  *See United States v. Huntington National Bank*, 682 F.3d 429, 434 (6th Cir. 2012) (bona fide purchaser provision is exception to relation back doctrine and is intended to protect innocent purchasers of forfeited property); *Lavin*, 942 F.2d at 185-86

---

[6]      Singh alleges in the Petition that for a period of time, she had a "personal relationship" with the defendant.  (Petition at 2).   Singh does not claim that she was entitled to a share of the defendant's property in return for uncompensated services rendered in the course of their personal relationship.  Courts have uniformly rejected such a claim, however, holding that such services do not make a spouse or significant other a "bona fide purchaser for value."  *See United States v. Guerra*, 216 Fed. App'x 906, 910-11 (11th Cir. 2077 (defendant's husband was not a bona fide purchaser under § 853(n)(6)(B) because he gave no consideration in exchange for defendant's transfer of her property; that he made improvements to the property with no expectation of being paid, and gave his wife "love and affection" was not sufficient); *United States v. Derochemont*, No. 8:10-cr-287-T-24-MAP, 2011 WL 6319293, at *3 (M.D. Fla. Dec. 15, 2011) (defendant's wife who acquired tenancy by the entireties interest in residence when defendant bought it with his own money, and without contributing any funds of her own, was not a bona fide purchaser for value); *United States v. Brooks*, 112 F. Supp. 2d 1035, 1041 (D. Haw. 2000) (wife cannot assert a bona fide purchaser interest in husband's criminal proceeds on the ground that she contributed uncompensated services that increased the value of the marital estate).

-18-

(bona fide purchaser provision comes from "hornbook commercial law"); *United States v. McCorkle*, 143 F. Supp. 2d 1311, 1325 (M.D. Fla. 2001) (bona fide purchaser provision is a codification of protection for good faith purchasers in § 2-403 of the Uniform Commercial Code); *United States v. Armstrong*, 2007 WL 7335173, at *2 (E.D. La. June 1, 2007) (bona fide purchaser provision is "narrow exception to the relation back doctrine"; it is "derived from commercial law" and protects those who gave consideration for forfeited property).

A claim under paragraph 6(B) has three elements.  Petitioner must show (i) that petitioner has a legal interest in the property; (ii) that petitioner acquired the interest as a bona fide purchaser for value; and (iii) that petitioner acquired the interest at a time when he or she was reasonably without cause to believe that the property was subject to forfeiture.  *United States v. Timley*, 507 F.3d 1125, 1130-31 (8th Cir. 2007).

Under the plain meaning of paragraph 6(B), a petitioner must have *purchased* the property subject to forfeiture to qualify as a bona fide purchaser. *See* 21 U.S.C. § 853(n)(6)(B).  As such, donees who received property as a gift are not bona fide purchasers because they gave nothing of value in exchange for the property.  *See In re Bryson*, 406 F.3d 284, 201 (4th Cir. 2005) (family member who received promissory note as gift was not bona fide purchaser of land he acquired by enforcing note, even though he invested time and effort in doing so); *Kennedy*, 201 F.3d at 1335 ("The criminal forfeiture provisions provide only two ways for third parties to establish their interest in forfeited property; and one of them is emphatically *not* that the criminal defendant gave the third party a gift." (emphasis in original)); *see also United States v. Klemme*, 894 F. Supp. 2d 1113, 1117 (E.D. Wis. 2012) ("[A] person who receives property subject to forfeiture as a 'gift' cannot be a bona fide purchaser for value.").  Because the petitioner in this case received a gift from defendant that

-19-

was subject to forfeiture and provided nothing of value in exchange for it, she

cannot be a bona fide purchaser for value under section 853(n)(6)(B).

      This result is consistent with the Uniform Commercial Code, which

states that a person gives "value" for rights if he or she acquires them:

> (1)    in return for a binding commitment to extend
> credit or for the extension of immediately
> available credit whether or not drawn upon and
> whether or not a charge-back is provided for in
> the event of difficulties in collection; or
>
> (2)    as security for or in total or partial satisfaction
> of a pre-existing claim; or
>
> (3    by accepting delivery pursuant to a pre-existing
> contract for purchase; or
>
> (4)    generally, in return for any consideration
> sufficient to support a simple contract.

U.C.C. § 1-204 (2001).

      In addition, it does not matter that petitioner may have been a bona fide

purchaser for value *in relation to a third party seller*.  Using a gift from the

defendant to purchase property does not entitle the petitioner to file a claim as

a bona fide purchaser.  As the Eleventh Circuit explained in *United v. Soreide*,

461 F.3d 1351, 1355-1356 (11th Cir. 2006), the bona fide purchaser provision

"exists only to protect subsequent purchasers of 'the defendant's interest' in an

asset"; it does not protect third party who receives forfeitable property as gift,

and then uses it to purchase property from another third party.  Similarly, in

*United States v. Edwards*, 1:04-CR-329-TCB-ECS, 2011 WL 2006820, at *6

(N.D. Ga. Apr. 18, 2011), the court found that the defendant's wife was not

bona fide purchaser of property purchased with fraud proceeds given to her by

her husband.  The bona fide purchaser provision, the court held, protects

people who purchase forfeitable property from the *defendant,* not persons who

receive forfeitable property as gift and use it to purchase property for themselves.

Furthermore, if, as she claims, petitioner has paid the maintenance, taxes, fees, improvements, and upkeep and exercised exclusive dominion and control over the subject premises, those actions are irrelevant to whether her claim qualifies under section 853(n)(6)(B). In *United States v. White*, 306 Fed. App'x. 838 (5th Cir. La. 2007), a charity alleged that within the meaning of Section 853(n)(6)(B) it was a bona fide purchaser for value of *improvements* it made to property donated to it by the defendant. *Id.* at 840-41. The Court of Appeals affirmed the district court's granting of the government's motion to dismiss for failure to state a claim. *Id.* The Court of Appeals found that even if the charity had paid valuable consideration to maintain the lots, it could not make a claim to the improvements under section 853(n)(6)(B): "The bona fide purchaser provision in 21 U.S.C. § 853(n)(6)(B) is applicable only to *purchases* of the forfeiter's interest in the asset. [The charity] gave nothing of value in exchange for the underlying property, which was not purchased but instead was received by gratuitous donation from [the defendant]." *Id.* at 841 (emphasis in original).

Lastly, even if petitioner was unaware of the conduct giving rise to the forfeiture at the time she acquired an interest in the forfeitable property, as she claims in her amended petition, her innocence is not enough: "[T]here is no statutory basis upon which to base an innocent owner defense." *United States v. Sigillito*, 938 F. Supp. 2d 877, 887 (E.D. Mo. 2013) [quoting *United States v. Totaro*, 345 F.3d 989, 994-95 (8th Cir. 2003) (discussing third party claim under 18 U.S.C. § 1963, which "is identical to the drug crimes forfeiture statute, 21 U.S.C. § 853(n)")]; *see also United States v. Jimerson*, 5 F.3d 1453, 1455 (11th Cir. 1993) ("Section 853 . . . does not contain an innocent owner

provision; as a result, [the petitioner's] alleged innocence, standing alone, cannot defeat the [g]overnment's interest in criminally forfeited property.").

## CONCLUSION

For the reasons just given, the Court should grant the Government's motion and dismiss the Petition, with prejudice, in its entirety.

Dated:   October 3, 2014
           Newark, New Jersey

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

By:    *s/ Barbara A. Ward*
       BARBARA A. WARD
       Assistant United States Attorney