NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No. 13-385 (SRC) |
| v. | **OPINION AND ORDER** |
| DAVID NICOLL, | |
| Defendant. | |
| MELISA SINGH, | |
| Third-Party Petitioner. | |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion filed by third-party petitioner Melisa Singh ("Petitioner" or "Ms. Singh") to reconsider the dismissal of her petition. The Government opposes the motion. The Court has considered the parties' submissions and proceeds to rule without oral argument. For the reasons that follow, the Court will deny the motion.

**I.     BACKGROUND**

      The Court incorporates the factual and procedural history set forth in its earlier Opinion in this matter (Doc. No. 114), and only briefly recounts that history here. In April of 2013, the Government charged Defendant Nicoll in a physician-bribery scheme. Defendant pleaded guilty. Pursuant to the plea deal, Defendant consented to the forfeiture of property and admitted that such property had a nexus with the unlawful acts to which he pleaded guilty. Included in that list of property is Condominium Unit 4H located at 635 West 42 Street, New York, New York ("the

Condominium"). Petitioner Singh lives in the Condominium and holds title to it. She purchased the property on January 31, 2008, with money that Defendant gave her.

On October 23, 2013, this Court entered a First Preliminary Order of Forfeiture with respect to the Condominium. Ms. Singh filed a petition asserting her interest in the Condominium, claiming that it belongs to her. The Government moved to dismiss the petition. In an Opinion and Order dated April 29, 2015, this Court dismissed Ms. Singh's petition. Petitioner now moves this Court to reconsider that decision.

## II.  Discussion

In the District of New Jersey, a motion for reconsideration is governed by Local Civil Rule 7.1(i). That Rule provides that a party may move for reconsideration "within 14 days after the entry of the order or judgment on the original motion" by the court. L.Civ.R. 7.1(i). The moving party must, in the supporting brief, indicate "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Id. A court may not grant a motion for reconsideration unless the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). A party's "mere disagreement" with the Court's decision does not warrant reconsideration. Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003). The moving party bears a heavy burden that cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (internal citation omitted).

Here, in the motion for reconsideration, Petitioner argues that this Court erred by denying her standing to litigate her rights to the Condominium, and by foreclosing her ability to contest the forfeiture. The Court disagrees. In its earlier decision, the Court did not find that Petitioner lacked standing to litigate her rights to the Condominium; to the contrary, the Court entertained Petitioner's arguments as to whether her rights were superior to the Government's under the governing statutory provisions. The Court found that Petitioner failed to satisfy the two exclusive statutory bases for relief. With respect to Petitioner's additional argument that the Government failed to demonstrate a "nexus" between the Condominium and Defendant's criminality, the Court indeed found that Petitioner lacked standing to levy such a challenge. Petitioner cites to no new or overlooked authority suggesting that third-parties are permitted to weigh in on that inquiry. For that reason, Petitioner's motion must be denied.

To summarize the Court's earlier analysis, Petitioner has standing to contest forfeiture exclusively through the provisions of 21 U.S.C. § 853(n). Libretti v. United States, 516 U.S. 29, 44 (1995); United States v. Rashid, 373 F. App'x 234, 238 (3d Cir. 2010). That provision requires Petitioner to establish, "by a preponderance of the evidence that

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section; the court shall amend the order of forfeiture in accordance with its determination.
>
> [21 U.S.C. § 853(n)(6)].

Applying those provisions, the Court found that Petitioner failed to demonstrate entitlement to relief. Section 853(n)(6)(A) requires Petitioner to establish that her interest in the property was superior to Defendant's "at the time of the commission of the acts which gave rise to the forfeiture of the property under this section[.]" Petitioner asserted that she received the funds from Defendant and bought the Condominium in January of 2008. The Government's forfeiture interest "relates back" to when Defendant's unlawful acts began, and Defendant's conspiracy ran from "between 2006 and 2013." Petitioner's interest, which arose in January of 2008, could not have constituted the superior ownership interest in 2006.

Section 853(n)(6)(B) requires Petitioner to demonstrate that she "is a bona fide <u>purchaser</u> for value of the right, title, or interest in the property[.]" (Emphasis added). The Court must accept the facts of Ms. Singh's petition as true, <u>see</u> Fed. R. Crim. P. 32.2(c)(1)(A), and Petitioner admits "that Nicoll gave Petitioner a gift of money, which Petitioner used in her purchase of the" Condominium. (Docket Entry 63, Page 2). Applying the plain language of the statute, one who has received a gift of money cannot be a "purchaser" of it. <u>See, e.g.</u>, <u>United States v. Kennedy</u>, 201 F.3d 1324, 1335 (11th Cir. 2000). The Court thus found that Petitioner could not recover under Subsection (B).

Having failed to demonstrate entitlement to relief through the only available avenues, Petitioner's motion effectively reargues that she should be permitted to challenge the nexus between the Condominium and Defendant's crimes. While the Court does see value in that position, it nevertheless finds binding authority to suggest that a third-party may not levy such a challenge. <u>See</u> <u>United States v. Nolasco</u>, 354 F. App'x 676, 679-81 (3d Cir. 2009); <u>United States v. Lavin</u>, 942 F.2d 177, 185 (3d Cir. 1991). Moreover, the substantial weight of outside authority appears to outright foreclose such arguments. <u>See</u> <u>United States v. Holy Land Found.</u>

4

for Relief & Dev., 722 F.3d 677, 689-90 (5th Cir. 2013); United States v. Davenport, 668 F.3d 1316, 1321 (11th Cir. 2012); United States v. White, 675 F.3d 1073, 1077-78 (8th Cir. 2012); United States v. Andrews, 530 F.3d 1232, 1236-37 (10th Cir. 2008); DSI Associates LLC v. United States, 496 F.3d 175, 184-85 (2d Cir. 2007); United States v. Dejanu, 163 F. App'x 493, 498 (9th Cir. 2006). Although some courts have taken a different approach, see United States v. Reckmeyer, 836 F.2d 200, 206 (4th Cir. 1987), United States v. Lazarenko, 476 F.3d 642, 650 (9th Cir. 2007), the Third Circuit Court of Appeals has, to date, not adopted that position.

In short, in its earlier decision, the Court recognized Petitioner's standing to levy a collateral challenge to the forfeiture, albeit one confined by the governing statutes. Apart from concluding that Petitioner did not qualify under those provisions, the Court indeed found that Petitioner was not permitted to raise additional challenges, including those pertaining to the "nexus" inquiry.[1] Petitioner now fails to provide any reason why this Court should reconsider that decision.

### III. CONCLUSION

For the reasons above, the Court will deny Petitioner's motion. Therefore,

**IT IS** on this 9th day of July, 2015,

**ORDERED** that Petitioner's motion [docket entry 115] be and hereby is **DENIED**.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

---

[1] The Court did, sua sponte, Order the Government to provide additional evidence to demonstrate the nexus between the Condominium and Defendant's crimes. The Government accordingly submitted additional evidence to that effect. In an Opinion and Order filed alongside this one, the Court has now found the nexus demonstration to have been adequately made, and the preliminary forfeiture of the Condominium will not be disturbed.

5